# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MATTHEW, | CASE NO. CV 11-01999 LJO-BAM |
| Plaintiff, | **SCHEDULING CONFERENCE ORDER** |
| | Initial Disclosure: February 28, 2012 |
| | Expert Disclosure: September 28, 2012 |
| v. | Supplemental Expert Disclosure: October 19, 2012 |
| RPH ON THE GO USA, INC. and MPS GROUP, INC., | Non-expert Discovery Cutoff: September 28, 2012 |
| Defendants. | Expert Discovery Cutoff: November 16, 2012 |
| | Pretrial Motion Filing Deadline: January 21, 2013 |
| | Pretrial Motion Hearing Deadline: February 21, 2013 |
| | Settlement Conf.: Not Set. |
| | Pretrial Conf.: Date: March 20, 2013 Time: 8:30 a.m. Dept: 4(LJO) |
| | Bench Trial: (5 days est.) Date: April 23, 2013 Time: 8:30 a.m. Dept.: 4(LJO) |

This Court conducted a scheduling conference on February 14, 2012. James Matthew appeared by telephone on his behalf in propria persona. Counsel Ryan Eddings appeared in person on behalf of Defendants. Pursuant to F.R.Civ.P. 16(b), this Court sets a schedule for this action.

1

**1.     Amendment To The Parties' Pleadings**

The parties do not anticipate any amendments.

**2.     Consent To Magistrate Judge**

Pursuant to 28 U.S.C. § 636(c), the parties have not consented to conduct all further proceedings in this case, including trial, before the Honorable Barbara A. McAuliffe, United States Magistrate Judge. Due to this Court's heavy caseload, the parties are encouraged to consent to conducting further proceedings by a United States Magistrate Judge.

**3.     F.R.Civ.P. 26(a)(1) Initial Disclosures**

Initial disclosures shall be completed on or before **February 28, 2012.**

**4.     Discovery Cutoffs And Limits**

Initial expert witness disclosures by any party shall be served no later than **September 28, 2012.** Supplemental expert witness disclosures by any party shall be served no later than **October 19, 2012.** Such disclosures must be made pursuant to F.R.Civ.P. 26(a)(2)(A) and (B) and shall include all information required thereunder. In addition, F.R.Civ.P. 26(b)(4) and F.R.Civ.P. 26(e) shall specifically apply to all discovery relating to expert witnesses and their opinions. Each expert witness must be prepared fully to be examined on all subjects and opinions included in the designations. Failure to comply with these requirements will result in the imposition of appropriate sanctions, which may include the preclusion of testimony or other evidence offered through the expert witness. In particular, this Court will enforce preclusion of testimony or other evidence if F.R.Civ.P. 26(e) is not strictly complied with. All non-expert discovery, including motions to compel, shall be completed no later than **September 28, 2012**. All expert discovery, including motions to compel, shall be completed no later than **November 16, 2012.**

**5.     Pretrial Motion Schedule**

All pre-trial motions, both dispositive and non-dispositive (except motions to compel, addressed above), shall be served <u>and filed</u> on or before **January 21, 2013.** Such motions shall be set before Judge McAuliffe not later than **February 21, 2013**.

Non-dispositive motions are heard on Fridays at 9:00 a.m., before the Honorable Barbara A.

McAuliffe, United States Magistrate Judge, in Courtroom 8. Before scheduling such motions, the parties shall comply with Local Rule 230 or Local Rule 251. Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar. In addition to filing a joint statement electronically, a copy of the joint statement shall also be sent Judge McAuliffe's chambers by email to bamorders@caed.uscourts.gov.

The parties are advised that unless prior leave of the Court is obtained, all moving and opposition briefs or legal memorandum in civil cases before Judge McAuliffe shall not exceed twenty-five (25) pages. Reply briefs by the moving party shall not exceed ten (10) pages. These page limitations do not include exhibits. Briefs that exceed this page limitation, or are sought to be filed without leave, may not be considered by the Court.

Counsel or pro se parties may appear and argue non-dispositive motions by telephone, providing a written request to so do is made to Judge McAuliffe's Clerk no later than five (5) court days before the noticed hearing date. In the event that more than one party requests to appear by telephone, it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the Court.

**Motions for Summary Judgment or Summary Adjudication**

Prior to filing a motion for summary judgment or motion for summary adjudication the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; and 6) to arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts. In addition to the requirements of Local Rule 260, the moving party shall file a

joint statement of undisputed facts.

In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above and set forth a statement of good cause for the failure to meet and confer.

**6.     Mandatory Settlement Conference**

Settlement Conference has not been scheduled. The parties are advised to contact the Court if they determine that a settlement conference would be beneficial. If a settlement conference is set, the parties are advised that unless otherwise permitted in advance by the Court, <u>the attorneys who will try the case</u> shall appear at the settlement conference <u>with the parties and the person or persons having full authority</u> to negotiate and settle the case, on any terms, at the conference.

**7.     Pretrial Conference**

This Court sets a pretrial conference for **March 20, 2013, at 8:30 a.m.** in Courtroom 4 and will be heard before District Court Judge Lawrence O'Neill. The parties are directed to file a joint pretrial statement which complies with the requirements of this Court's Local Rule 281. In addition, the joint pretrial statement should include a brief factual summary and an agreed upon neutral statement of the case. An additional copy of the joint pretrial statement, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF and shall be e-mailed in WordPerfect format to ljoorders@caed.uscourts.gov.

The parties' attention is directed to this Court's Local Rules 281 and 282. This Court will insist upon strict compliance with those rules.

At the pretrial conference, the Court will set deadlines, among others, to file motions in limine, final witness lists, exhibits, jury instructions, objections, and other trial documents.

**8.     Trial Date**

A five day bench trial is set for **April 23, 2013, at 8:30 a.m.** in Courtroom 4 before District Court Judge Lawrence O'Neill. At this time, the parties do not request bifurcation.

**9.     Effect Of This Order**

This order represents the best estimate of the Court and parties as to the agenda most suitable to dispose of this case. If the parties determine at any time that the schedule outlined in this order

4

cannot be met, the parties are ordered to notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations with attached exhibits, where appropriate, which establish good cause for granting the relief requested.

Failure to comply with this order shall result in the imposition of sanctions.

**IT IS SO ORDERED.**

Dated: **February 21, 2012**                    /s/ **Barbara A. McAuliffe**
                                                                          **UNITED STATES MAGISTRATE JUDGE**

5